THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WILLIAM BELL, a/k/a JIMMIE BELL, Defendant-Appellant.

(No. 11755; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—April 2, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Arthur J. Inman, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant Bell was charged with abortion. Upon a jury trial he was convicted and sentenced to a term of not less than 6 nor more than 10 years in the state penitentiary. This appeal is from that conviction.

The defendant urges that the proof was insufficient to establish his guilt of abortion beyond a reasonable doubt and that error was committed in the trial of the case, the effect of which was to deny him a fair trial and, finally, that the abortion statute under which defendant was convicted is unconstitutional and void.

The defendant in this case is not charged with having actually performed an abortion but rather is charged under the accountability sections of our Criminal Code with having solicited, aided, or abetted the abortion, and was thereby guilty as a principal.

Paragraph 5—2(c) of chapter 38, Illinois Revised Statutes, 1969, provides that one who promotes or facilitates the commission of an offense or aids, abets, agrees, or attempts to aid, such other person in the planning or commission of an offense is criminally accountable.

In *People v. Frey,* Nos. 43729, 43882, Cons. Illinois S.Ct., March, 1973, our Supreme Court held the Illinois statute prohibiting abortion to be unconstitutional. That opinion was based upon the decision of the Supreme Court of the United States in *Roe v. Wade,* 35 L.Ed.2d 147, 93 S.Ct. 705.

In the course of analyzing the Illinois Statute within the requirements of *Wade,* the Illinois Supreme Court concluded and specifically held that section 23—1(b) of chapter 38, Illinois Revised Statutes (1963), was unconstitutional, and, likewise, specifically held that section 23—1(a) of chapter 38, Illinois Revised Statutes (1963), was unconstitutional. The defendant was convicted by reason of accountability resting upon a criminal offense as defined in the foregoing statutes.

In view of the holding that this statute is unconstitutional, it necessarily follows that the conviction of the defendant under that statute cannot stand. Where the statute creating the offense is invalid, a judgment entered thereon is erroneous and void. *People v. Collins,* 50 Ill.2d 295, 278 N.E.2d 792.

Accordingly, the judgment of the circuit court of Sangamon County is reversed.

Judgment reversed.

SIMKINS and SMITH, JJ., concur.